Jackman vs. Anderson.

JACKMAN V. ANDERSON.

ATTACHMENT : *Judgment on Discharge of.*
    Upon the discharge of an attachment the defendant should have judgment for the return of the attached property.

APPEAL from *Chicot* Circuit Court.
Hon. J. F. SORRELLS, Circuit Judge.
*Reynolds* for appellant.
*Rice & Bishop*, contra.

ENGLISH, C. J. :

On January 4, 1876, Wm. P. Jackman sued John Anderson in the Circuit Court of Chicot county, on an open account for rent of land, a mule, supplies, etc., amounting to $319.93, and obtained an attachment upon an affidavit that defendant was about to sell, convey or otherwise dispose of his property with the fraudulent intent to cheat, hinder or delay his creditors, and to deprive the plaintiff of his lien for rent. The writ was general against the goods and chattels, lands and tenements of defendant.

The sheriff returned upon the writ that he levied upon what he supposed to be eight or ten bales of lint cotton in the gin house of Carlton & Jackman.

At the return term the defendant filed a sworn denial of the truth of the plaintiff's affidavit. The issue was submitted to a jury at the January term, 1877, who, upon the evidence

adduced by the parties, returned a verdict in favor of the defendant, and assessed his damages at $20; then follows this entry:

" It is therefore considered, ordered and adjudged that the sheriff return the property attached, or the proceeds thereof, to the defendant herein, and that the defendant go hence without day, and that he recover from the plaintiff, and John Neal and C. H. Carlton, sureties on the attachment bond, the sum of $20 besides his costs in this suit in this behalf expended; to which order of the court in requiring the sheriff to return the property attached, or the proceeds thereof, to defendant, the plaintiff excepted, and prayed an appeal to the Supreme Court, which is granted."

The only question presented on this appeal is whether the court erred in ordering the sheriff to restore the property seized under the attachment to defendant, on the verdict of the jury that the attachment was wrongfully sued out, and upon the judgment of the court thereon discharging the attachment.

It necessarily follows that the property must be restored to the defendant upon such discharge of the attachment. *Delano et al.* v. *Kennedy*, 5 Ark., 459. The process in *rem* under which the property is seized into the custody of the sheriff being in effect abated or quashed by the judgment of the court discharging the attachment, the sheriff has no longer any legal authority to hold the property. Gantt's Digest, sec. 459; Acts of 1875, p. 7.

It seems from the above entry that the court on dissolving the attachment discharged the defendant personally from the action, but such we presume could not have been the intention of the court as the defendant had put in an answer to the merits of the action which remained to be tried when the appeal was taken.

Affirmed.